United States District Court

Eastern District of California

Gerald Spence,

      Plaintiff,

vs.

J. S. Woodford, et al.,

      Defendants.

No. Civ. S 05-0188 LKK PAN P

Order

-oOo-

Plaintiff is a state prisoner without counsel prosecuting a civil rights action.  He seeks leave to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $150 filing fee required by 28 U.S.C. § 1914(a) (2000). Plaintiff must make monthly payments of 20 percent of the

preceding month's income credited to his trust fund account. 28 U.S.C. § 1915(b)(2).  The agency having custody of plaintiff shall forward payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fee is paid.

I have reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and find it states a cognizable claim against defendants B. Fleming, M. Urquizu, Z. Madrigal, J. Lynn, Peddicord, Martinez, Doyle, Salenger, Fleishman, McDonald, D. Dennis and Richard Sandham.

The complaint states no cognizable claim against defendants J. S. Woodford, T. Felker, John Doe 1, John Doe 2, Beckman, Radcliff, Unter-Rhiner or John Doe Doctor.  Plaintiff's claims against these defendants are dismissed.

Plaintiff may proceed forthwith to serve defendants B. Fleming, M. Urquizu, Z. Madrigal, J. Lynn, Peddicord, Martinez, Doyle, Salenger, Fleishman, McDonald, D. Dennis and Richard Sandham and pursue his claims against only those defendants or he may delay serving any defendant and attempt to state a cognizable claim against defendants J. S. Woodford, T. Felker, John Doe 1, John Doe 2, Beckman, Radcliff, Unter-Rhiner and John Doe Doctor.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against defendants J. S. Woodford, T. Felker, John Doe 1, John Doe 2, Beckman, Radcliff, Unter-Rhiner and John Doe Doctor, he has 45 days so to do.  He is not obligated to amend his complaint and if he does it unavoidably

1  will delay this litigation.

2      If plaintiff elects to proceed forthwith against defendants
3  B. Fleming, M. Urquizu, Z. Madrigal, J. Lynn, Peddicord,
4  Martinez, Doyle, Salenger, Fleishman, McDonald, D. Dennis and
5  Richard Sandham, against whom he has stated a cognizable claim
6  for relief, then within 15 days he must return materials for
7  service of process enclosed herewith.  In this event the court
8  will construe plaintiff's election as consent to dismissal of all
9  claims against defendants J. S. Woodford, T. Felker, John Doe 1,
10 John Doe 2, Beckman, Radcliff, Unter-Rhiner and John Doe Doctor
11 without prejudice.

12     Any amended complaint must show the federal court has
13 jurisdiction, the action is brought in the right place and
14 plaintiff is entitled to relief if plaintiff's allegations are
15 true.  It must contain a request for particular relief.
16 Plaintiff must identify as a defendant only persons who
17 personally participated in a substantial way in depriving
18 plaintiff of a federal constitutional right. Johnson v. Duffy,
19 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to
20 the deprivation of a constitutional right if he does an act,
21 participates in another's act or omits to perform an act he is
22 legally required to do that causes the alleged deprivation).  If
23 plaintiff contends he was the victim of a conspiracy, he must
24 identify the participants and allege their agreement to deprive
25 him of a specific federal constitutional right.

26     In an amended complaint, the allegations must be set forth

in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See <u>Galbraith v. County of Santa Clara</u>, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. <u>McHenry v. Renne</u>, 84 F.3d 1172 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see <u>Crawford-El v. Britton</u>, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). It is sufficient, for example, for a prisoner who claims the conditions of his imprisonment violate the Eighth

1  Amendment prohibition against cruel and unusual punishment to
2  allege that an identified state actor used force against
3  plaintiff maliciously and sadistically for the very purpose of
4  causing harm.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).
5  (On the other hand, prison officers imposing discipline act in
6  haste, under pressure and without the luxury of a second chance;
7  therefore, no Eighth Amendment violation occurs where force is
8  applied to maintain or restore discipline but not maliciously and
9  sadistically.)
10       The court (and defendant) should be able to read and
11 understand plaintiff's pleading within minutes.  McHenry, supra.
12 A long, rambling pleading including many defendants with
13 unexplained, tenuous or implausible connection to the alleged
14 constitutional injury, or joining a series of unrelated claims
15 against many defendants, very likely will result in delaying the
16 review required by 28 U.S.C. § 1915 and an order dismissing
17 plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation
18 of these instructions.
19       If plaintiff's pleading is deficient on account of an
20 omission or technical defect, the court will not dismiss it
21 without first identifying the problem and giving plaintiff an
22 opportunity to cure it.  Noll v. Carlson, 809 F.2d 1446 (9th Cir.
23 1986).  Plaintiff's pleading will be construed "liberally" to
24 determine if plaintiff has a claim but it will be dismissed if
25 plaintiff violates the federal rules, once explained, or the
26 court's plain orders.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

Plaintiff is admonished that by signing a first amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11. Prison rules require plaintiff to obey all laws, including this one, and plaintiff may be punished by prison authorities for violation of the court's rules and orders. See 15 Cal. Admin. Code § 3005.

Title 42 of the United States Code § 1997e(a) provides that a prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. The requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). A California prisoner or parolee may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." 15 California Administrative Code § 3084.1, et seq. An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested." Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department. Plaintiff further is

6

1  admonished that by signing an amended complaint he certifies his
2  claims are warranted by existing law, including the law that he
3  exhaust administrative remedies, and that for violation of this
4  rule plaintiff risks dismissal of his entire action, including
5  his claims against defendants B. Fleming, M. Urquizu, Z.
6  Madrigal, J. Lynn, Peddicord, Martinez, Doyle, Salenger,
7  Fleishman, McDonald, D. Dennis and Richard Sandham.
8      Accordingly, the court hereby orders that:
9      1.  Plaintiff's request to proceed in forma pauperis is
10 granted.
11     2.  Plaintiff is obligated to pay the statutory filing fee
12 of $150 for this action.  The fee shall be collected and paid in
13 accordance with the notice to the Director of the California
14 Department of Corrections filed concurrently herewith.
15     3.  Claims against defendants J. S. Woodford, T. Felker,
16 John Doe 1, John Doe 2, Beckman, Radcliff, Unter-Rhiner and John
17 Doe Doctor are dismissed with leave to amend.  Within 45 days of
18 service of this order, plaintiff may amend his complaint to
19 attempt to state cognizable claims against these defendants.
20 Plaintiff is not obliged to amend his complaint and if he does it
21 inevitably will delay this litigation.
22     4.  The pleading states cognizable claims against defendants
23 B. Fleming, M. Urquizu, Z. Madrigal, J. Lynn, Peddicord,
24 Martinez, Doyle, Salenger, Fleishman, McDonald, D. Dennis and
25 Richard Sandham.  With this order the Clerk of the Court shall
26 provide to plaintiff a blank summons, a copy of the pleading

filed January 28, 2005, 12 USM-285 forms and instructions for service of process on defendants B. Fleming, M. Urquizu, Z. Madrigal, J. Lynn, Peddicord, Martinez, Doyle, Salenger, Fleishman, McDonald, D. Dennis and Richard Sandham.  Within 15 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and 13 copies of the January 28, 2005, complaint.  The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4.  B. Fleming, M. Urquizu, Z. Madrigal, J. Lynn, Peddicord, Martinez, Doyle, Salenger, Fleishman, McDonald, D. Dennis and Richard Sandham will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).  In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against defendants J. S. Woodford, T. Felker, John Doe 1, John Doe 2, Beckman, Radcliff, Unter-Rhiner and John Doe Doctor without prejudice.

Dated:  April 26, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge

```
 1
 2
 3
 4
 5
 6
 7
 8                      United States District Court
 9                     Eastern District of California
10
11
12  Gerald Spence,
13          Plaintiff,              No. Civ. S 05-0188 LKK PAN P
14      vs.                         Notice of Submission of Documents
15  J. S. Woodford, et al.,
16          Defendants.
17                                -oOo-
18      Plaintiff hereby submits the following documents in
19  compliance with the court's order filed _____:
20           1      completed summons form
21          12      completed forms USM-285
22          13      copies of the ____January 28, 2005____
                                          Complaint
23
24  Dated: _____
25                                _____
                                  Plaintiff
26
```